# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| MACK INDUSTRIES, LTD., *et al.*, | ) Case No. 17-09308 |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) Hon. Carol A. Doyle |
| FKH SFR PROPCO B-HLD, LP f/k/a | ) |
| CERBERUS SFR HOLDING, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ARIANE HOLTSCHLAG, as Ch. 7 Trustee, | ) |
| | ) |
| Defendant. | ) |

## ADVERSARY COMPLAINT TO QUIET TITLE AND FOR OTHER RELIEF

NOW COMES the Plaintiff, FKH SFR PROPCO B-HLD, LP, f/k/a CERBERUS SFR HOLDING, L.P. through its attorneys Kerry A. Walsh of Fidelity National Law Group, and William S. Hackney of SmithAmundsen LLC, and as and for its Adversary Complaint to Quiet Title and for Other Relief state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 in that this proceeding arises in or is related to the above-captioned Chapter 11 case under Title 11.

2. Venue in this Court is proper pursuant to 28 U.S.C. §1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (b)(2)(O). If this proceeding is determined to be non-core, the Plaintiff consents to the entry of final orders by a Bankruptcy Judge.

1

## PARTIES

1. FKH SFR Propco B-HLD, LP (the "Plaintiff") is, the Plaintiff argues, the current owner of the property commonly known as 18823 Ashland Avenue, Homewood, Illinois (the "Property").

2. The Plaintiff was formerly known by the name Cerberus SFR Holding, L.P., but in September, 2020 filed the requisite documentation with the State of Illinois to change its corporate name to FKH SFR Propco B-HLD, LP.

3. Cerberus SFR Holding, L.P., is the named grantee in a certain Warranty Deed dated January 17, 2018 and recorded with the Cook County Recorder of Deeds as Document No. 1810149104 on April 11, 2018 which purported to and which the Plaintiff argues did, in fact, grant it title to the Property.

4. Defendant Ariane Holtschlag is named not individually but solely as the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate of the Debtors (the "Trustee").

## ALLEGATIONS COMMON TO ALL COUNTS

5. On or about April 23, 2014, the Secretary of Housing and Urban Development, Washington D.C., executed and delivered a Special Warranty Deed conveying its interest in the Property to Mack Industries II, LLC, which deed was later recorded by the Cook County Recorder of Deeds on May 2, 2014 as Document No. 1412217001.

6. On or about August 29, 2014, Mack Industries, Ltd. executed and delivered a Warranty Deed purportedly conveying title to the Property to Reifel Investments, LLC ("Reifel"), which deed was later recorded by the Cook County Recorder of Deeds on September 15, 2014 as Document No. 1425849194.

7. There is no recorded instrument conveying title to the Property from Mack Industries II, LLC to Mack Industries, Ltd.

8. Upon information and belief, the purchase and sale of the Property by Mack Industries, Ltd. to Reifel was an arms-length transaction made for good and valuable consideration upon reasonable terms according to market conditions on the date of the transaction.

9. As a result of the sale of the Property by Mack Industries, Ltd. to Reifel, Mack Industries II, LLC received a partial release of its obligations under a mortgage recorded against the Property, among other parcels, by Iroquois Federal Savings and Loan Association which release was recorded on September 12, 2014 as Document No. 1425522076/

10. Upon information and belief, the principals of Mack Industries II, LLC and Mack Industries, Ltd. believed that all right, title and interest in the Property owned by Mack Industries II, LLC and/or Mack Industries, Ltd. was conveyed to Reifel via the deed purporting to convey title to the Property to it on August 29, 2014.

11. Upon information and belief, the principals of Mack Industries II, LLC and Mack Industries, Ltd. received good and valuable consideration for the transfer of all right, title and interest in the Property to Reifel, which they believed was sufficient to compensate Mack Industries II, LLC and/or Mack Industries, Ltd. for such transfer of title.

12. On or about September 15, 2016, Reifel executed and delivered a Quit Claim Deed conveying its interest in the Property to Reifel Investments, LLC – 18823 Ashland Ave Series (the "Ashland Series")(collectively, with Reifel, the "Reifel Entities"), which deed was later recorded by the Cook County Recorder of Deeds on October 19, 2016 as Document No. 1629347143.

13. At the time of the transfer, the Ashland Series was an active series name of Reifel, owned and controlled by the same mangers as Reifel.

14. The manager(s) of the Reifel Entities paid all taxes owed for the Property between the time of the Mack Industries, Ltd. deed to Reifel until the time the Ashland Series executed a deed conveying its interest in the Property to the Plaintiff.

15. On or about January 17, 2018, the Ashland Series executed and delivered a Warranty Deed conveying its interest in the Property to Plaintiff, which deed was later recorded by the Cook County Recorder of Deeds on April 11, 2018 as Document No. 1810149104.

16. Plaintiff began paying taxes owed for the Property after receiving the deed from the Ashland Series and has continued paying such property taxes as were assessed by the Cook County Assessor throughout its ownership of the Property.

17. At no time since August, 2014 (the date of the deed to Reifel) has Mack Industries II, LLC or Mack Industries, Ltd. paid any sum of property taxes owed for the Property.

18. At no time since August, 2014 (the date of the deed to Reifel) has Mack Industries II, LLC or Mack Industries, Ltd. exercised any dominion or control over the Property.

19. At no time since August, 2014 (the date of the deed to Reifel) has Mack Industries II, LLC or Mack Industries, Ltd. occupied the Property.

20. At no time since August, 2014 (the date of the deed to Reifel) has Mack Industries II, LLC or Mack Industries, Ltd. questioned or in any manner contested the transfer of the Property to Reifel.

21. Nevertheless, on February 3, 2022, counsel for the Trustee issued a letter to Plaintiff requesting that it turn over control of the Property to the Trustee for the benefit of the Debtors' creditors no later than February 28, 2022.

## **COUNT I – QUIET TITLE – 735 ILCS 5/13-109**

22. Plaintiff re-alleges the facts set forth in Paragraphs 1-21 above as though fully set forth herein.

23. At all times since August, 2014, the Reifel Entities and Plaintiff have been in actual possession of the Property.

24. Possession of the Property by these parties has been exclusive and continuous since August, 2014 to the present date and has excluded both Mack Industries II, LLC and Mack Industries, Ltd. entirely from possession of the Property.

25. The Reifel Entities and Plaintiff have paid all sums due and owing to the Cook County Assessor for real property taxes assessed to the owner(s) of the Property.

26. The Reifel Entities and Plaintiff have each individually and collectively believed that they held title to the Property during the period of their possession of the Property and payment of taxes.

WHEREFORE the Plaintiff FKH SFR PROPCO B-HLD, LP, f/k/a CERBERUS SFR HOLDING, L.P. asks this Honorable Court to enter an Order, pursuant to 735 ILCS 5/13-109:

(1)     Finding that, for a period of at least seven (7) years, the Reifel Entities and Plaintiff have been in actual possession of the Property; and

(2)     Finding that, for a period of at least seven (7) years, the Reifel Entities and Plaintiff believed they each held title to the Property from the date each was named as a grantee in a deed purporting to convey title to the Property until such time as each was named or will be named as a grantor in a deed purporting to convey title to the Property; and

(3)     Finding that, for a period of at least seven (7) years, the Reifel Entities and Plaintiff have paid taxes assessed for the Property by the Cook County Assessor's Office; and

(4)      Holding that title to the property commonly known as 18823 Ashland Avenue, Homewood, Illinois will be quieted in the names of the Plaintiff and its predecessors-in-interest on the dates indicated in each deed having previously purported to transfer title to that Property; and

(5)      Barring any award of damages, rents, or other sums claimed by the Trustee against the Plaintiff; and

(6)      For any further relief this Court may deem appropriate.

## COUNT II – QUIET TITLE IN EQUITY

27. Plaintiff re-alleges the facts set forth in Paragraphs 1-26 above as though fully set forth herein.

28. Upon information and belief, Reifel paid good and valuable consideration to the principals of the Debtors in exchange for what it believed to be a fee simple interest in the Property in or around August, 2014.

29. Likewise, Plaintiff paid good and valuable consideration to the Ashland Series in exchange for what it believed to be a fee simple interest in the Property in or around January, 2018.

30. Upon information and belief, the misidentification of Mack Industries, Ltd. as grantor in the deed purportedly conveying title of the Property to Reifel was made solely by mutual mistake of all parties to the transaction and all attorneys, underwriters, title agents and others participating in the execution of the transaction.

31. Upon information and belief, Mack Industries II, LLC and/or Mack Industries, Ltd. received consideration equal to the current market value of the Property in exchange for the conveyance thereof to Reifel.

32. To balance the equities, title should be vested in the chain supported by consideration and arms-length transactions rather than by awarding title to the Property back to the Debtors' estate.

WHEREFORE the Plaintiff FKH SFR PROPCO B-HLD, LP, f/k/a CERBERUS SFR HOLDING, L.P. asks this Honorable Court to enter an Order:

(1)    Finding that the transactions between Mack Industries, Ltd. and Reifel and between the Ashland Series and the Plaintiff were arms-length transactions supported by market-appropriate consideration; and

(2)    Finding that neither the Debtors' estate nor the Debtors' creditors will suffer any loss as a result of quieting title to the Property in the Reifel Entities and the Plaintiff for the periods covered by their respective deeds; and

(4)    Holding that title to the property commonly known as 18823 Ashland Avenue Homewood, Illinois will be quieted in the names of the Plaintiff and its predecessors on the dates indicated in each deed having previously purported to transfer title to that Property; and

(5)    Barring any award of damages, rents, or other sums claimed by the Trustee against the Plaintiff; and

(6)    For any further relief this Court may deem appropriate.

Respectfully submitted,

FKH SFR PROPCO B-HLD, LP, f/k/a CERBERUS SFR HOLDING, L.P.,

By:    /s/Kerry A. Walsh

Kerry A. Walsh
FIDELITY NATIONAL LAW GROUP
10 S. LaSalle Street, Suite 2750
Chicago, IL 60603
(312) 223 2760
ARDC #6287628

By:    /s/William S. Hackney, III

William Silas Hackney, III
SMITHAMUNDSEN, LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
(312) 894 3370
ARDC #6256042